UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00439-FDW-DCK

| | |
|---|---|
| MOHAMMAD M. KARGARIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| PAPA JOHN'S PIZZA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss, or in the alternative, Motion to Stay Proceedings and Compel Arbitration, and supporting Memorandum, (Docs. Nos. 6, 7). Having carefully considered the parties' motions, memoranda, and affidavits in support, the Court GRANTS Defendant's Alternative Motion to Stay Proceedings and Compel Arbitration.

## I. BACKGROUND

Plaintiff Mohammad Kargarian alleges Defendant violated Title VII by terminating his employment based on his national origin. (Doc. 1). In its Motion to Dismiss, or in the alternative, Motion to Stay Proceedings and Compel Arbitration, Defendant Papa John's Pizza (hereinafter "Papa John's") argues that arbitration is appropriate in this case, based on the arbitration agreement that Plaintiff signed as a condition of his employment at Papa John's. (Doc. 6, Ex. 1, pp. 1, 3, 5). On January 2, 2019, the Court issued a notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the burden he carried in responding to Defendant's motion and setting a response deadline for Plaintiff who has thus far proceeded pro se. (Doc. No. 13). Plaintiff

responded in opposition to Defendant's Motion on January 7, 2019.[1] (Doc. No. 14). For the following reasons, the Court finds that arbitration is appropriate in this instant case.

## II. **DISCUSSION**

The Federal Arbitration Act, which governs the enforcement of arbitration agreements, "reflects a liberal federal policy favoring arbitration agreements." Adkins v. Labor Ready, Inc., 303 F.3d 496, 500 (4th Cir. 2002). Ambiguities regarding the scope of an arbitration clause are resolved in favor of arbitration. See id. According to Adkins,

> The FAA requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. This stay-of-litigation provision is mandatory. A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview.

Id. at 499-501.

In order to compel arbitration, "the court must first find that an arbitration agreement exists between the parties." Hightower v. GMRI, Inc., 272 F.3d 239, 242 (4th Cir. 2001). If so, "the court must then decide whether the dispute at issue falls within the scope of the agreement." Id. In determining the validity of the agreement, courts apply state contract law. See id.; Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 686 (1996).

There is no dispute that North Carolina law controls Plaintiff's employment contract, nor that the present dispute falls within the purview of the arbitration agreement. In North Carolina, a valid contract "requires offer, acceptance, consideration, and no defenses to formation." Koltis v. N.C. Dep't of Human Res., 480 S.E.2d 702, 704 (1997). Additionally, North Carolina "has a

---

[1] In his one-page response, Plaintiff requested assistance for "PSAP counsel" and indicated, "I disagree to Papa John's motion to dismiss (I am not going to)." (Doc. No. 14). The Court also already explained that Plaintiff is not entitled to proceed under the Court's Pro Se Settlement Assistance Program at this time, (Doc. No. 13).

2

strong public policy favoring the settlement of disputes by arbitration." Martin v. Vance, 514 S.E.2d 306, 309 (1999).

Here, neither Plaintiff nor Defendant have contested the formation of the arbitration agreement. Papa John's requires all employees to sign an arbitration agreement as a condition of employment. (Doc. No. 6, Ex. 1, ¶ 5). North Carolina courts have found that arbitration agreements in employment contracts do not fail for want of consideration when both parties are bound by the arbitration agreement, as is the case for Mr. Kargarian and Papa John's. See Martin, 514 S.E.2d. at 310-11. The Court has reviewed the Arbitration Agreement and finds that a valid and enforceable agreement to arbitrate exists between Plaintiff and his employer. (Doc. No. 6, Ex. 1, p. 5).

In order to waive its right to insist on arbitration, a party must "so substantially utiliz[e] the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." MicroStrategy, Inc. v. Lauricia, 268 F.3d 244, 249 (4th Cir. 2001). Here, Plaintiff appears to oppose a stay although has not provided specific reasons for why a stay should not be granted. (Doc. No. 14). Defendant has not initiated litigation nor utilized litigation in such a way as to waive its right to compel arbitration. As such, the Court finds no waiver of the Arbitration Agreement by either party.

### III. CONCLUSION

Because a valid arbitration agreement exists between the parties and no waiver has been found, Defendant's Alternative Motion to Stay Proceedings and Compel Arbitration is GRANTED while its Motion to Dismiss is DENIED. Plaintiff's complaint and the arguments found therein are referred to the appropriate body of arbitration. The parties are ORDERED to proceed to

arbitration and submit reports to the Court every ninety (90) days. The dispute must be resolved within nine (9) months from the date of this Order. Failure to do so will result in Court action.

IT IS SO ORDERED.

Signed: March 26, 2019

Frank D. Whitney
Chief United States District Judge