UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00439-FDW-DCK

| | |
|---|---|
| MOHAMMAD M. KARGARIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| PAPA JOHN'S PIZZA, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion "requesting a jury trial" filed pro se. (Doc. No. 42). Pursuant to the prior Orders entered by this Court, including the final order confirming the arbitrator's order (Doc. No. 35) and the opinion by the Fourth Circuit Court of Appeals affirming this Court's final judgment (Doc. No. 40), this motion is frivolous. It is DENIED.

This is not the first frivolous filing by Plaintiff, as the record before this Court is replete with instances of vexatious, harassing, and repetitive filings. **Plaintiff is hereby CAUTIONED that further frivolous filings could subject him to sanctions, monetary or otherwise, and/or a pre-filing injunction that could limited his ability to submit filings in this Court without advance approval by the Court.** The All Writs Act, 28 U.S.C. § 1651, authorizes district courts to issue prefiling injunctions to restrict access to the courts by "vexatious and repetitive litigants." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004) (citing In re Packer Ave. Assocs., 884 F.2d 745, 747 (3d Cir.1989); 18 Wright, Miller & Cooper, Federal Practice and Procedure § 4405, at 117–18 (2d ed. 2002) ("Basic power to protect the preclusive effects of a federal judgment by injunction may well inhere in the very existence of federal courts. If a more

definite grant of general authority is needed, it can be found in the All Writs Act."); see also Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997); Emrit v. Am. Commc'ns Network, Inc., 583 F. App'x 46, 47 (4th Cir. 2014).

The Court notes the litigation history for Plaintiff in the instant case, as well as before the arbitrator as indicated by the record in the instant case, could justify a narrowed injunction under applicable law if Plaintiff's continues to abuse the litigation process. Cromer, 390 F.3d at 818 (4th Cir. 2004) (noting the Court must consider: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions). Accordingly, Plaintiff is cautioned to avoid submitting vexatious, repetitive, and/or frivolous filings in the instant matter or other matters before this Court.

IT IS THEREFORE ORDERED that Plaintiff's Motion (Doc. No. 42) is DENIED. Additionally, **Plaintiff is hereby warned that federal courts, including this Court, are authorized to impose sanctions upon vexatious and repetitive litigants for frivolous filings. Further frivolous filings by Plaintiff may result in this court sanctioning him, including by ordering a prefiling injunction that limits his access to the court**.

IT IS SO ORDERED.

Signed: August 12, 2020

Frank D. Whitney
United States District Judge